# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>   Plaintiff - Appellant,<br><br>v.<br><br>ALLEN GILL, a/k/a Bam, a/k/a Bam-Bam,<br>   Defendant - Appellee. | No. 23-6273 |

## UNITED STATES OF AMERICA'S UNOPPOSED MOTION TO SUSPEND BRIEFING IN THIS GOVERNMENT APPEAL

The government hereby moves to suspend briefing in this government appeal at least until the Court decides whether it needs such briefing to rule on our pending motion for summary reversal. *See* United States of America's Motion for Summary Reversal, filed April 8, 2024 (arguing that the district court's challenged order has been completely undermined by three subsequent decisions by this Court and that it is now "manifest that no substantial argument can be raised in support" of the order); *see also* 4th Cir. R. 27(f)(3) (providing for "[s]uspension of briefing pending ruling on a motion to summarily . . . reverse").

The Court should suspend briefing at least until it determines whether it *needs* briefing. In the closely analogous context of motions to dismiss an appeal, the Court has suspended briefing pending its ruling on the motion—presumably because if the appeal might be dismissed, there is no point in having the parties proceed to brief its

1

merits. *See, e.g.*, *United States v. Hyman*, 884 F.3d 496, 497 (4th Cir. 2018) (noting that the Court "suspended briefing pending our ruling on the motion to dismiss"); *United States v. Straus*, No. 21-4051, 2021 U.S. App. LEXIS 15868 (4th Cir. May 26, 2021) (unpublished) (granting a "motion to suspend briefing pending resolution of the motion to dismiss"); *United States v. Lyons*, No. 18-4866(L), 2019 U.S. App. LEXIS 13704 (4th Cir. May 6, 2019) (unpublished) (same). Similarly, here, if the Court determines that the "issues raised" in this government appeal are "appropriate for disposition by motion," 4th Cir. R. 27(f)(1), there is no point in having the parties devote their limited time and resources to formal merits briefing. Indeed, the purpose and main benefit of summary-disposition motions is that when they are appropriate, they provide for the quick resolution of an appeal that does not warrant full briefing. To nonetheless require the moving party to submit a full merits brief *before the Court even determines* whether full briefing would be helpful would defeat the very reason the Court authorizes these types of motions. And the moving party should not have to use successive motions to extend time to file a brief to push back its deadline for filing the brief while the Court determines whether it even wants the brief.

To be sure, the Court turned down the government's earlier request to suspend briefing until the Court resolves our motion for summary reversal. *See* Order, filed April 9, 2024. But our earlier request did not recognize that the Court "will defer action on the motion until briefing is complete" if the motion does not show that the

"issues raised on appeal" are "appropriate for disposition by motion." 4th Cir. R. 27(f)(1). Our current request is asking for materially different relief, so we are not seeking reconsideration of our earlier request—instead, we are asking the Court to suspend briefing until it decides whether it "will defer action on the motion until briefing is complete." *Id.* Again, there is no need to require full merits briefing until the Court determines that it needs such briefing. And if the Court later finds that it does not need formal merits briefs because the parties' motion practice is sufficient to dispose of the issues in this government appeal, then it would be an inefficient use of the Court's and the parties' limited resources to nonetheless require briefing at this stage. Therefore, the Court should grant this motion to suspend briefing.

Of course, if the Court decides that it needs full merits briefing, then it will be able to reinstate the briefing schedule. But if it decides that it can resolve this appeal based on motion practice only, then it should continue to suspend briefing.

Counsel for Defendant-Appellee Allen Gill does not object to this motion to suspend briefing. The government apprised him of our intent to file this motion, and he responded that he has no objection to it. The Court, therefore, should grant it.

**WHEREFORE,** the government respectfully requests that the Court suspend briefing in this government appeal until it determines whether it needs such briefing to rule on our pending motion for summary reversal; and if the Court determines that

it can summarily dispose of this appeal without such briefing, then it should continue to suspend briefing until it rules on our motion for summary reversal.

                              Respectfully submitted,

                              Erek L. Barron
                              United States Attorney

                              <u>/s/ David C. Bornstein</u>
                              Assistant United States Attorney
                              Deputy Chief, Appellate Division
                              United States Attorney's Office
                              36 South Charles Street, 4th Floor
                              Baltimore, Maryland 21201
                              (410) 209-4800

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION
AND TYPEFACE AND TYPE-STYLE REQUIREMENTS**

This motion complies with the type-volume limitation set forth in Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 724 words.

This motion also complies with the typeface and type-style requirements in Fed. R. App. P. 32(a)(5) and (a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated:  April 9, 2024.                     /s/ David C. Bornstein
                                           Assistant United States Attorney