IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| UNITED STATES, | : |
|     Plaintiff-Appellant, | : |
| | : |
| v. | :   Case No. 23-6273 |
| | : |
| ALLEN GILL, | : |
|     Defendant-Appellee. | : |
| | : |

**APPELLEE'S RESPONSE IN OPPOSITION
TO GOVERNMENT'S MOTION FOR SUMMARY REVERSAL**

Mr. Allen Gill (Defendant-Appellee) opposes the government's motion for summary reversal of the district court's order granting his motion to vacate his convictions under 28 U.S.C. § 2255. ECF No. 21. The district court vacated Mr. Gill's convictions under 18 U.S.C. § 924(j) (Counts Two, Three, and Four of the indictment) for use of a firearm during and in relation to "crime of violence" resulting in death.

The court did so, in part, upon finding that the predicate offense underlying the § 924(j) charges—VICAR[1] Maryland first degree murder in violation of 18 U.S.C. § 1959—no longer qualifies as a § 924(c) "crime

---

[1]     "VICAR" means violent crime in aid of racketeering.

1

of violence" after the Supreme Court's decision in *Borden v. United States,* 141 S. Ct. 1817 (2021). Specifically, the district court found that Maryland first degree murder is an indivisible offense which can be committed by felony murder—conduct that falls outside of the "crime of violence" definition after *Borden* because it can be accomplished with a mens rea of even less than recklessness (i.e., accidental death resulting in the course of a felony). *United States v. Gill*, 652 F.Supp.3d at 586-88 (D. Md. 2023). Because the "crime of violence" element could not be satisfied for the § 924(j) counts after *Borden*, the court vacated all three § 924(j) convictions and re-imposed the same sentence of 480 months' imprisonment on the remaining count of conviction (conspiracy to distribute and possession with intent to distribute crack and heroin in violation of 21 U.S.C. § 846).

The government contends that the district court's decision is no longer valid under this Court's recent decisions in *United States v. Ortiz-Orellana,* 90 F.4th 689 (4th Cir. 2024), *United States v. Tipton*, 95 F.4th 831, 847 (4th Cir. 2021), and *United States v. Thomas*, 87 F.4th 267 (4th Cir. 2023). The government asserts that in light of these decisions, Mr. Gill's § 924(j) convictions are sound. In turn, the government asks this

2

Court to summarily reverse the district court's § 2255 grant vacating Mr. Gill's § 924(j) convictions and to remand with instructions to reinstate the convictions.

Mr. Gill opposes the government's motion because the state of the law on § 924(c) "crime of violence" analysis in the context of VICAR offenses continues to be in great flux. Specifically, in support of his opposition, Mr. Gill states the following:

1. To begin, in *United States v. Ortiz-Orellana,* 90 F.4th 689, 702-04 (4th Cir. 2024), this Court found that the defendant's § 924(c)/(j) convictions predicated on VICAR Maryland first degree murder were valid. Specifically, the Court reasoned that Maryland first degree murder is a divisible offense with alternative crimes (each with its own set of elements)—including felony murder and premeditated murder. *Id.* Therefore, the Court applied the modified categorical approach and looked to the *Shepard*[2]-authorized documents to determine which of the two crimes necessarily served as the basis for the § 924(c)/(j) convictions. *Id.* Because these documents established that the defendant's § 924(c)/(j)

---

[2] *Shepard v. United States*, 544 U.S. 13, 26 (2005).

convictions were predicated on Maryland premeditated murder—an offense the Court found qualifies as a § 924(c) "crime of violence"—the Court sustained the § 924(j) convictions.

The government contends that the district court's decision in *Gill,* 652 F.Supp.3d at 586-88 (which found that Maryland first degree murder is indivisible between premediated murder and felony murder) cannot be reconciled with *Ortiz-Orellana,* 90 F.4th at 702-04 (which found that Maryland first degree assault is divisible between premeditated murder and felony murder). The government further contends that applying the modified categorical approach here—as *Ortiz-Orellana* instructs—the *Shepard*-authorized documents establish that Mr. Gill's § 924(j) convictions were predicated on Maryland premeditated murder. Because in *Ortiz-Orellana,* this Court found that Maryland premeditated murder qualifies as a § 924(c) "crime of violence," the government argues that this Court should find the same here and conclude that Mr. Gill's § 924(j) convictions are valid.

But even assuming the government is correct that under *Ortiz-Orellana*'s dictate, Mr. Gill's § 924(j) convictions are valid, this Court should refrain from summarily reversing the district court's decision in

*Gill* because Mr. Ortiz-Orellana's counsel has informed undersigned counsel that she plans on filing a petition for certiorari challenging this Court's decision in *Ortiz-Orellana* deeming Maryland first degree murder divisible. As this Court knows, there has been dramatic change in "crime of violence" and "categorical approach" jurisprudence over the last decade with numerous Supreme Court grants in this area of the law. As a result, the only prudent and fair course here is to proceed with full briefing in Mr. Gill's case. During the course of the briefing it may well be that the Supreme Court decides the fate of *Ortiz-Orellana.*

Indeed, counsel cannot think of a single reason to rush Mr. Gill's case. There is no prejudice that either party will suffer while awaiting the Supreme Court's decision in *Ortiz-Orellana*. The district court re-imposed the same 480-month sentence upon the vacatur of the § 924(j) convictions. Therefore, rushing this case will have no real-world impact. Mr. Gill's ultimate sentence remains the same, regardless of what happens in the course of the appeal.

2. Additionally, even assuming that *Ortiz-Orellana*'s divisibility finding on Maryland first degree murder ultimately remains the law, and this Court applies the modified categorical approach to conclude that Mr.

5

Gill's § 924(j) convictions were predicated on VICAR Maryland premeditated murder, Mr. Gill has an additional argument. Specifically, premeditated murder fails to qualify as a "crime of violence" because it can be committed without the use of any physical force required under the § 924(c)(3)(A) force clause—by an act of omission (for example, by starving someone to death or failing to provide medicine). Although this Court recently rejected a similar act of omission argument in *United States v. Hunt,* __F.4th__, 2024 WL 1626301, at *7 (4th Cir. 2024), Mr. Hunt's counsel has informed undersigned counsel that she plans on filing a petition for certiorari on the issue in the Supreme Court.

And because a circuit split exists on the issue, the chances of a certiorari grant are elevated. Indeed, contrary to Fourth Circuit law, the Third Circuit recently issued two decisions holding that Pennsylvania aggravated assault fails to qualify as a "violent felony" under the force clause of the Armed Career Criminal Act (ACCA) (18 U.S.C. § 924(e))—which is materially the same as the § 924(c) force clause—because the offense can be committed by an act of omission. *See United States v. Jenkins,* 68 F.4th 148 (3d Cir. 2023); *United States v. Harris,* 68 F.4th 140 (3d Cir. 2023). These decisions have solidified the circuit split on the

act of omission issue. In fact, a petition for certiorari is already pending highlighting this circuit split. *Petition for a Writ of Certiorari, Allen v. United States,* Case No. 23-918, 2024 WL 811445 (Feb. 22, 2024).

As a result, the only prudent and fair course here is to proceed with full briefing in Mr. Gill's case, which will permit him to raise the hotly contested act of omission issue.[3] It may well be that during the course of the briefing, the Supreme Court will grant certiorari on the issue. And again, neither party will suffer any prejudice while awaiting the Supreme

---

3   Although Mr. Gill did not argue the act of omission issue in the district court below, this argument has been preserved on appeal because it is merely a variant argument of the claim that VICAR Maryland first degree murder fails to qualify as a "crime of violence." *See Yee v. Escondido, Cal.,* 503 U.S. 519 (1992) ("[o]nce a federal claim is properly presented, a party can make any argument in support of that claim; parties are not limited to the precise arguments they made below"); *United States v. Hope,* 28 F.4th 487, 494 (4th Cir. 2022) (holding that even though defendant did not raise specific argument in district court that the prior drug conviction failed to qualify as an ACCA "serious drug offense" because state statute criminalized more drugs than did the federal schedules, the issue was preserved because he made a general claim below that his prior state statute failed to qualify as an ACCA "serious drug offense"); *United States v. Robinson,* 744 F.3d 293, 300 (4th Cir. 2014) (holding that although a petitioner did not make the same "precise" argument before the district court, as he did on appeal, he did "challenge criminal history scores, and thus, preserved his claim").

Court's decision on the act of omission issue because Mr. Gill will remain incarcerated for 480 months—regardless of the fate of his appeal.

3. To be sure, Mr. Gill has another hurdle to overcome even if the Supreme Court were to hold that Maryland first degree murder fails to qualify as a § 924(c) "crime of violence" because (1) it is an indivisible offense that can be committed by accidental death—a mens rea excluded under the force clause after *Borden,* or (2) it can be committed by an act of omission. Specifically, in *Thomas,* 87 F.4th at 272-75, this Court held that regardless of the elements of the underlying predicate state offense attached to a VICAR charge, if the generic definition of the relevant offense enumerated in the VICAR statute (18 U.S.C. § 1959) (here "murder") satisfies the § 924(c) "crime of violence" definition, then the VICAR offense categorically qualifies as a § 924(c) "crime of violence."

Applying *Thomas*' holding, in *Tipton*, 95 F.4th at 847-50, this Court held that a VICAR charge predicated on murder qualified as a § 924(c) "crime of violence" because the generic definition of murder satisfies the "crime of violence" definition.

Additionally, the *Tipton* Court, relying on *Thomas,* reinforced that a murder under the VICAR statute cannot be anything less than

intentional because VICAR requires that the underlying offense (here murder) be committed for a pecuniary purpose or for the purpose of gaining entrance to or maintaining or increasing position in the enterprise. *Tipton*, 95 F.4th at 847-48 (citing *Thomas*, 87 F.4th at 274). In other words, in *Tipton*, this Court held that VICAR's purpose element means that a VICAR murder necessarily requires the intentional use of force.

However, the holdings of *Thomas* and *Tipton* are in flux. In *United States v. Kinard,* 93 F.4th 213, 217 (Keenan, J., concurring), Judge Keenan (with whom Judge Heytens joined) disagreed with *Thomas*'s holding (reinforced in *Tipton*) that a court can look to the generic definition of the underlying offense to determine whether a VICAR charge qualifies as a § 924(c) "crime of violence." *Id.* at 220-23. Furthermore, Judge Keenan (with whom Judge Heytens joined) disagreed with *Thomas*'s holding (reinforced in *Tipton*) that VICAR's purpose element necessarily requires the intentional use of force. *Id.* at 218-20.

In light of this disagreement, the defendants in both *Kinard*, and *United States v. Castillo,* 2024 WL 809690 (4th Cir. Feb. 27, 2024)—

which followed *Thomas*—have filed petitions for rehearing en banc. *See Petition for Rehearing En Banc, United States v. Kinard,* Case No. 22-6285, ECF No. 50-1 (4th Cir. March 21, 2024); *Petition for Rehearing En Banc, United States v. Castillo,* Case No. 20-6767, ECF No. 50 (4th Cir. April 12, 2024). Due to the disagreement between Fourth Circuit judges on a reoccurring issue that has been the subject of numerous cases pending before this Court, the chance of an en banc grant in either *Castillo* or *Kinard* is elevated.[4]

This likelihood of an en banc grant is further increased because the *Thomas* decision (reinforced in *Kinard*, *Tipton*, and *Castillo*) creates a split with several circuits which only look to the elements of the underlying state offense—not the generic definition or the VICAR purpose element—to determine whether a VICAR offense qualifies as a § 924(c) "crime of violence." *See United States v. Morris,* 61 F.4th 311, 318-21 (2d Cir. 2023); *United States v. Pastore,* 36 F.4th 423, 429 (2d Cir.

---

[4] To illustrate the recurring nature of the issues, *Thomas* was decided less than five months ago, but has already been cited for the key principles in five cases: *Kinard,* 93 F.4th 213, *Tipton*, 95 F.4th 831; *United States v. Lassiter,* 96 F.4th 629 (4th Cir. 2024); *Ortiz-Orellana*, 90 F.4th 689 (4th Cir. 2024); *Hunt*, 2024 WL 1626301.

2022); *United States v. Laurent,* 33 F.4th 63, 92 (2d Cir. 2022); *United States v. White,* 7 F.4th 90, 104 (2d Cir. 2021); *United States v. Toki,* 23 F.4th 1277, 1280 (10th Cir. 2022).

Moreover, the chances of an en banc grant are even further heightened because *Thomas* (along with *Kinard, Tipton,* and *Castillo*) create confusion within this Court's own precedent, which had previously only looked to the elements of the underlying state offense to determine whether the VICAR offense qualified as a § 924(c) "crime of violence." *See United States v. Manley,* 52 F.4th 143, 147 (4th Cir. 2022); *United States v. Mathis,* 932 F.3d 242 (4th Cir. 2019).

In short, in light of all of this uncertainty surrounding the case law relating to VICAR and § 924(c) "crime of violence" law, this Court should deny the government's motion for summary reversal of the district court's § 2255 grant in Mr. Gill's case. Instead, this Court should let this case proceed to full briefing while these uncertainties are sorted out either by this Court (en banc) or the Supreme Court.

## CONCLUSION

For all the reasons listed above, Mr. Gill respectfully requests that this Court deny the government's motion for summary reversal of the district court's § 2255 grant.

Respectfully submitted,

JAMES WYDA
Federal Public Defender


_____/s/_____
PARESH S. PATEL
Assistant Federal Public Defender
6411 Ivy Lane, Suite 710
Greenbelt, Maryland 20770
Phone: (301) 344-0600
Fax: (301) 344-0019
Email: Paresh_Patel@fd.org

CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of April 2024, a copy of the foregoing pleading was delivered, via electronic filing, to:

David C. Bornstein
Assistant United States Attorney
Deputy Chief, Appellate Division
United States Attorney's Office
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201

_____/s/_____
PARESH S. PATEL
Assistant Federal Public Defender